148 T.C. No. 23

UNITED STATES TAX COURT

CORBIN A. MCNEILL AND DORICE S. MCNEILL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14340-10L.                          Filed June 19, 2017.

For 2003 Ps filed jointly their Form 1040, claiming deductions for losses--reflected on a Schedule K-1--flowing from a tax shelter. R issued to the partnership an FPAA disallowing the loss deductions and asserting an accuracy-related penalty under I.R.C. sec. 6662. P-H, as the TMP of a partner other than the partnership's TMP, paid to R the tax liability and interest and instituted a partnership-level proceeding in District Court. The proceeding was dismissed without a ruling on Ps' partner-level defenses to the accuracy-related penalty under I.R.C. sec. 6662. R assessed the penalty and initiated collection procedures.

After receiving a final notice of intent to levy and a notice of Federal tax lien filing, Ps requested a hearing under I.R.C. sec. 6330. During their hearing, Ps challenged the assessment of the penalty. The Appeals officer issued a notice of determination sustaining the lien filing and the proposed levy and determining that Ps could not raise the issue of their underlying tax liability.

Held: Under I.R.C. sec. 6330(d)(1), as amended by the Pension Protection Act of 2006, Pub. L. No. 109-280, sec. 855, 120 Stat. at 1019, the Court has jurisdiction to review R's notice of determination when the underlying tax liability consists solely of a penalty that relates to an adjustment to a partnership item excluded from deficiency procedures by I.R.C. sec. 6230(a)(2)(A)(i).

Gordon B. Nash, Jr., Gabriel G. Tsui, and Michael T. Mazzone for petitioners.

H. Barton Thomas, Jr. and Robert M. Romashko, for respondent.

PARIS, Judge: Petitioners seek review of respondent's notice of determination to sustain a notice of Federal tax lien filing (NFTL) and a proposed levy for 2003. The underlying assessment originated from petitioners' investment in a tax shelter. Petitioners' assessed deficiency associated with the tax shelter has been paid in full with interest. The section 6662 accuracy-related penalty related to that deficiency remains unpaid.[1] Petitioners' primary dispute centers on whether they are liable for the section 6662 penalty for 2003, taking into account certain partner-level defenses. Because this Court has never decided whether it

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

has jurisdiction to review such an issue in the collection due process (CDP) context, this Opinion is limited to the initial matter of whether the Court has jurisdiction.[2]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, the supplemental stipulation of facts, the second supplemental stipulation of facts,[3] and the accompanying exhibits are incorporated herein by this reference. Petitioners are married and resided in Wyoming when they filed their petition.

I.      Petitioners' Background

In April 2002 Mr. McNeill retired with a substantial benefits package, which he decided to diversify by purchasing a distressed asset/debt (DAD) transaction. The DAD transaction involved an investment in foreign consumer receivables with high cost basis and low fair market value through a series of limited liability company (LLC) transactions.

On May 20, 2003, Mr. McNeill purchased an 89.1% interest in GUISAN, LLC (GUISAN). GUISAN's primary asset was Brazilian consumer debt with high

---

[2]Because the Court concludes that it has jurisdiction, the remaining issues in this case will be the subject of a separate opinion.

[3]On May 13, 2015, the Court reopened the record; the second supplemental stipulation of facts was filed on June 5, 2015.

basis and low fair market value; and as the sole manager and tax matters partner (TMP) of GUISAN, Mr. McNeill caused GUISAN to contribute the Brazilian consumer debt to another entity, LABAITE, LLC (LABAITE),[4] a partnership that is subject to the unified audit and litigation procedures of sections 6221-6234, commonly known as TEFRA.[5] Mr. McNeill was neither the TMP nor the manager of LABAITE. On December 26, 2003, that third-party manager directed LABAITE to sell a portion of the Brazilian consumer receivables to a different entity related to the manager; this sale resulted in a claimed loss.[6]

Ernst & Young, Mr. McNeill's financial advisers, prepared petitioners' 2003 personal Federal income tax return and recommended that Mr. McNeill file a Form 8886, Reportable Transaction Disclosure Statement, indicating that the type of reportable transaction was a "Loss transaction". BDO Seidman (BDO) prepared GUISAN's 2003 Form 1065, U.S. Return of Partnership Income, and the

---

[4]During the year in issue, both LABAITE and GUISAN had their principal places of business in Connecticut.

[5]TEFRA is an acronym for the Tax Equity & Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, 96 Stat. 324.

[6]Mr. McNeill's allocated portion of the loss totaled $10,300,522 for 2003. An entity named Gramercy Advisors has remained the manager of the assets Mr. McNeill contributed to GUISAN; and since the 2003 loss transaction, GUISAN has earned a profit from the remaining investments.

subsequent Schedules K-1, Partner's Share of Income, Credits, Deductions, etc.

GUISAN's 2003 Form 1065 also included a Form 8886 that BDO prepared.

II.    Administrative and Judicial Background

On August 24, 2007, respondent issued to LABAITE's partners a notice of

final partnership administrative adjustment (FPAA) for 2003, reflecting an

$11,464,048 adjustment to LABAITE's partnership items and imposing a penalty

under section 6662 in regard to the claimed loss from the DAD transaction.  Mr.

McNeill, in his capacity as the TMP of GUISAN--a partner other than the TMP of

LABAITE--filed a complaint in the U.S. District Court for the District of

Connecticut for judicial review of the 2003 FPAA.  Petitioners made an estimated

deposit of $4,883,355.22 to satisfy the jurisdictional requirements of section

6226(e); this payment satisfied petitioners' deficiency and interest for the

GUISAN flowthrough loss, but it did not include the section 6662 penalty.

Over seven months after the FPAA was issued and because petitioners'

deposit did not satisfy the section 6662 penalty liability, respondent sent

petitioners a Form 3552, Corrections of Math Errors on Returns Involving Quick

and Prompt Assessments, showing a penalty of $1,525,069 plus accruing interest.

And on June 9, 2008, respondent sent petitioners a notice and demand for payment

for the unpaid balance.  On April 20, 2009, respondent issued to petitioners a Final

Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing for 2003 (levy notice). On April 23, 2009, respondent issued to petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC Section 6320 for 2003 (NFTL filing). On April 23, 2009, petitioners timely submitted a request for a CDP hearing in regard to the levy notice and updated their CDP hearing request on May 13, 2009, to include the NFTL filing. On this request, petitioners disputed their liability for the section 6662 penalty.

After requesting the CDP hearing but before the hearing was held, Mr. McNeill, in his capacity as tax matters partner of GUISAN, filed a motion in the U.S. District Court to voluntarily dismiss the case with prejudice in regard to the LABAITE transaction. On July 22, 2009, the U.S. District Court deemed the FPAA "as challenged * * * to be correct", declined to adjudicate any partner-level defenses for petitioners, and granted the motion to dismiss. The order of dismissal was provided for review to the settlement officer (SO) before the CDP hearing.

The SO reviewed the order of dismissal but determined that--in spite of the language of the order--petitioners still could not raise the issue of the section 6662 penalty at the CDP hearing because they had had a prior opportunity to contest the

liability.[7]  On May 20, 2010, the SO issued a notice determining that the collection action for 2003 should proceed and that the assessment of the unpaid penalty was valid.

Petitioners timely filed their petition with the Tax Court.

OPINION

This Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The Tax Court is without authority to enlarge upon that statutory grant.  See Phillips Petroleum Co. v. Commissioner, 92 T.C. 885, 888 (1989).  Nevertheless, the Court has jurisdiction to determine whether it has jurisdiction.  Hambrick v. Commissioner, 118 T.C. 348 (2002); Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Kluger v. Commissioner, 83 T.C. 309, 314 (1984).  These questions of jurisdiction are fundamental and must be addressed whenever it appears the Court may lack jurisdiction.  Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 179 (1960).  At issue is whether, notwithstanding the specific jurisdictional provisions of TEFRA, the general jurisdictional provision of section 6330(d)(1) provides the Court with jurisdiction to review this case.

---

[7]Respondent concedes that petitioners did not have a prior opportunity to dispute their partner-level defenses to the sec. 6662 penalty.

I.      TEFRA Overview

Congress passed TEFRA over 30 years ago.  Before TEFRA, adjustments with respect to partnership items were made to each partner's income tax return when (and if) that return was examined.  See H.R. Conf. Rept. No. 97-760, at 599 (1982), 1982-2 C.B. 600, 662.  TEFRA's unified audit and litigation procedures were intended generally to increase compliance with and administration of the partnership tax laws.  Id. at 600, 1982-2 C.B. at 662.  More specifically, TEFRA was enacted to alleviate the administrative burden caused by duplicative audits and litigation.[8]  Bedrosian v. Commissioner, 143 T.C. 83, 127 & n.8 (2014).  "Congress decided that no longer would a partner's tax liability be determined uniquely but 'the tax treatment of any partnership item [would] be determined at the partnership level.'"  Maxwell v. Commissioner, 87 T.C. 783, 787 (1986) (quoting section 6221).  The requirement of a single, unified proceeding at the partnership level was designed to reduce the duplication of proceedings and increase the consistency of the treatment of partnership items.  H.R. Conf. Rept. No. 97-760, supra at 599-600, 1982-2 C.B. at 662.

---

[8]The conference committee report explained the TEFRA partnership provisions as follows:  "[T]he tax treatment of items of partnership income, loss, deductions, and credits will be determined at the partnership level in a unified partnership proceeding rather than in separate proceedings with the partners."  H.R. Conf. Rept. No. 97-760, at 600 (1982), 1982-2 C.B. 600, 662.

Section 6221 provides that "the tax treatment of any partnership item (and the applicability of any penalty * * * which relates to an adjustment to a partnership item) shall be determined at the partnership level." Likewise, section 6230(a)(2)(A)(i) excludes from deficiency procedures "penalties * * * that relate to adjustments to partnership items". And an initial reading of section 301.6221-1, Proced. & Admin. Regs., might lead to the conclusion that all partner-level defenses to penalties are raised only in refund litigation--not in the Tax Court. See sec. 301.6221-1(c), Proced. & Admin. Regs. ("Partner-level defenses to such items can only be asserted through refund actions following assessment and payment."); id. para. (d) ("Partner-level defenses to any penalty * * * may be asserted through separate refund actions following assessment and payment."); see also New Millennium Trading, L.L.C. v. Commissioner, 131 T.C. 275 (2008) (finding that section 301.6221-1T(c) and (d), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3838 (Jan. 26, 1999), is valid and that partner-level defenses could not be raised in a partnership-level proceeding).

Here, the section 6662 accuracy-related penalty asserted against petitioners is based on a partnership-level adjustment to partnership items LABAITE reported with respect to the 2003 DAD transaction. Therefore, under sections 6221 and 6230, deficiency procedures are inapplicable. However, in 2006 Congress

specifically expanded this Court's jurisdiction in CDP cases where it otherwise lacked jurisdiction over the underlying liability.

II.     Jurisdiction in CDP Cases

Section 6330(d)(1) governs the Court's jurisdiction to review a proposed collection action. Jurisdiction under that section depends upon the issuance of a valid notice of determination and a timely petition for review. E.g., Goza v. Commissioner, 114 T.C. 176, 182 (2000); see also Lunsford v. Commissioner, 117 T.C. 159, 161 (2001). A notice of determination provided for in section 6330 is, from a jurisdictional perspective, the equivalent of a notice of deficiency. Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

Before 2006 section 6330(d)(1) provided:

SEC. 6330(d). Proceeding After Hearing.--

> (1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--
>
>> (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
>>
>> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States. [Emphasis added.]

Under that version of section 6330(d)(1), the Court held that it lacked jurisdiction to review a notice of determination when the underlying liability consisted solely of an item which was not subject to the Court's original jurisdiction. See, e.g., Van Es v. Commissioner, 115 T.C. 324, 329 (2000) (holding that the Court lacked jurisdiction to review frivolous return penalties under section 6702 in a CDP case); Moore v. Commissioner, 114 T.C. 171, 172 (2000) (same with respect to trust fund recovery penalties under section 6672); see also Staff of J. Comm. on Taxation, General Explanation of Tax Legislation Enacted in the 109th Congress (JCS-1-07), at 507 (J. Comm. Print 2007) ("The appeal [of a notice of determination] must be brought to the Tax Court, unless the Tax Court does not have jurisdiction over the underlying tax liability. If that is the case, then the appeal must be brought in the district court of the United States.").

Therefore, the Court would have lacked jurisdiction to review this CDP determination because it did lack deficiency jurisdiction over the penalty. However, on August 17, 2006, Congress expanded this Court's jurisdiction through enactment of the Pension Protection Act of 2006 (PPA), Pub. L. No. 109-280, sec. 855(a), 120 Stat. at 1019. Among other changes to the Code, the PPA amended section 6330(d)(1), expanding this Court's jurisdiction to review all notices of determination issued pursuant to section 6330 (and section 6320 via

cross-reference in section 6320(c)).[9]  As amended, section 6330(d)(1) provides to the Tax Court exclusive jurisdiction over CDP cases:

> SEC.  6330(d).  Proceeding After Hearing.--
>
> (1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter).

The Staff of the Joint Committee on Taxation, supra, at 507, explains the amendment to section 6330(d)(1):  "The provision modifies the jurisdiction of the Tax Court by providing that all appeals of collection due process determinations are to be made to the United States Tax Court."  And this Court has, on multiple occasions, addressed the expansion of its jurisdiction to include review of collection determinations regardless of the type of underlying liability.  See Yari v. Commissioner, 143 T.C. 157, 161-163 (2014), aff'd, 669 F. App'x 489 (9th Cir. 2016); Mason v. Commissioner, 132 T.C. 301, 316 (2009); Callahan v. Commissioner, 130 T.C. 44, 47-49 (2008).  In each of these cases, the Court concluded that although it lacked original jurisdiction over the underlying

---

[9]Petitioners' penalty was assessed on March 31, 2008, and the notice of determination was dated May 20, 2010.  Both dates were well after the effective date of the PPA--October 16, 2006--and this Court's expanded jurisdiction.

liability,[10] it nonetheless had exclusive jurisdiction to review appeals from the Commissioner's lien and levy determinations.

Petitioners' underlying liability--a penalty that relates to an adjustment to a partnership item--is not subject to the Court's deficiency jurisdiction. See sec. 6230(a)(2)(A)(i); New Millennium Trading, L.L.C. v. Commissioner, 131 T.C. at 280-285; sec. 301.6221-1(c) and (d), Proced. & Admin. Regs. But the removal of such penalties from the Court's jurisdiction was overridden in the context of CDP review. See VisionMonitor Software v. Commissioner, T.C. Memo. 2014-182, at *15 n.7. The SO determined that petitioners could not raise the issue of their underlying liability in their CDP hearing; respondent sent petitioners a notice of determination; and petitioners timely filed a petition with the Court.

Congress created the CDP process to provide taxpayers who are confronted with a lien filing or a proposed levy the opportunity to contest that collection action before the Internal Revenue Service proceeds to collect the outstanding tax liability. Montgomery v. Commissioner, 122 T.C. 1, 10 (2004). It follows that when Congress amended section 6330 in 2006--making the Tax Court the exclusive venue for review of CDP cases--its intent was not to preclude from

[10]A taxpayer's underlying tax liability includes all "amounts a taxpayer owes pursuant to the tax laws that are subject of the Commissioner's collection activities." Callahan v. Commissioner, 130 T.C. 44, 49 (2008).

review certain issues not subject to the Tax Court's deficiency jurisdiction. See

Mason v. Commissioner, 132 T.C. at 316; Callahan v. Commissioner, 130 T.C. at

47-49. With respect to petitioners' section 6662(a) accuracy-related penalty, this

penalty is another example of an item not subject to the Court's deficiency

jurisdiction under section 6221 but nonetheless reviewable by the Court in the

context of its section 6330 jurisdiction.

Accordingly, the Court holds that it has jurisdiction to review respondent's

determination as it relates to the asserted section 6662(a) penalty. The remainder

of this case will be the subject of a separate opinion.